1   WASSERMAN, COMDEN, CASSELMAN
        & ESENSTEN, LLP
2   MELISSA MEEKER HARNETT (Bar No. 164309)
        E-mail:  mharnett@wccelaw.com
3   GREGORY B. SCARLETT (Bar No. 131486)
        E-mail:  gscarlett@wccelaw.com
4   JESSE B. LEVIN (Bar No. 268047)
        E-mail:  jlevin@wccelaw.com
5   Post Office Box 7033
    Tarzana, CA 91357-7033
6   Telephone: (818) 705-6800 or (323) 872-0995
    Facsimile: (818) 345-0162
7   Attorneys for Plaintiffs
    PAMELA GLOVER and CHARLES ELLIS, individually,
8   and on behalf of all others similarly situated

9   MANATT, PHELPS & PHILLIPS, LLP
    ROBERT H. PLATT (Bar No. 108533)
10       E-mail: rplatt@manatt.com
    BRUCE B. KELSON (Bar No. 202441)
11       E-mail:  bkelson@manatt.com
    ADRIANNE E. MARSHACK (Bar No. 253682)
12       E-mail:  amarshack@manatt.com
    11355 West Olympic Boulevard
13   Los Angeles, CA  90064-1614
    Telephone:  (310) 312-4000
14   Facsimile:   (310) 312-4224

15   Attorneys for Defendant
    WOODBOLT DISTRIBUTION, LLC (*erroneously sued as*
16   Woodbolt Distribution, Ltd.)

17

18                    UNITED STATES DISTRICT COURT

19                  NORTHERN DISTRICT OF CALIFORNIA

20                      SAN FRANCISCO DIVISION

21

22   PAMELA GLOVER and CHARLES ELLIS,         No.  12-cv-01136-LB
    individually, and on behalf of herself and all
23   others similarly situated,               Honorable Laurel Beeler

24            Plaintiffs,                      **STIPULATION REGARDING
                                              PROTECTIVE ORDER**
25        vs.
                                              **[Filed concurrently with Proposed Order
26   WOODBOLT DISTRIBUTION, LTD., a           Approving Stipulation]**
    Texas limited liability company; and DOES 1-
27   50, inclusive,

28            Defendants.

The parties to this action, through their counsel of record, have stipulated and agreed that an order under Federal Rule of Civil Procedure 26(c) is necessary and useful to protect the confidentiality of documents and other information obtained in the course of discovery in this action, and have stipulated and agreed to be bound by the terms of this Protective Order ("Protective Order").

The materials to be exchanged in the course of this litigation may contain confidential information including but not limited to trade secret or other confidential research, marketing, financial or other commercial information. The purpose of this Protective Order is to protect the confidentiality of such materials during the litigation.

**DEFINITIONS**

1. The term "Confidential Information" shall mean and include any information disclosed in this litigation, regardless of the medium or manner in which it is generated, stored, maintained, or produced (including, among other things, testimony, transcripts, documents and other tangible things), which is deemed in good faith by a party to this case to constitute trade secret, proprietary, or sensitive information, including but not limited to financial data, research and development information; customer and supplier information; company personnel information; marketing strategies and information; strategic business information (including but not limited to business plans, forecasts, cost information, or logistical information); and any other information that affords the producing party in this litigation an actual or potential economic advantage over others.

2. The term "Outside Counsel" shall mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the following law firms: Manatt, Phelps & Phillips, LLP; Collins, McDonald & Gann, PC; and Wasserman, Comden, Casselman & Esensten, LLP.

**DESIGNATION**

3. Each party to this litigation may designate information as "CONFIDENTIAL" or

"CONFIDENTIAL - FOR COUNSEL ONLY" if, in the good faith belief of such party and its

counsel, the materials fall within the Confidential Information definition herein and the disclosure

of such information (including, in the case of "CONFIDENTIAL - FOR COUNSEL ONLY,"

disclosure to anyone other than Outside Counsel) could be prejudicial to the business or

operations of such party, or would violate court orders and/or confidentiality restrictions

involving parties not involved in this litigation.

4.      To designate as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL

ONLY," the producing party must mark each page of the document with the appropriate

designation before producing it.  However, for documents produced by another party or a non-

party, or court transcripts, or any documents produced prior to entry of this Protective Order, a

party can assert confidentiality through correspondence to all other parties that specifically

identifies each document that will receive a confidentiality designation.

5.      Deposition testimony and/or deposition exhibits shall be designated on the record

during the deposition whenever possible.  A party may also designate such testimony and exhibits

after transcription of the proceedings; a party shall have until fourteen (14) days after receipt of

the deposition transcript to inform the other party or parties of the portions of the transcript so

designated.

6.      The disclosing party shall have the right to exclude from attendance at said

deposition, during such time as the Confidential Information is to be disclosed, any person other

than the deponent, Outside Counsel (including their staff and associates), the court reporter, the

videographer, and the person(s) agreed upon pursuant to paragraph 10 below.

7.      Designation of Confidential Information as "CONFIDENTIAL" or

"CONFIDENTIAL - FOR COUNSEL ONLY" shall extend to all copies, excerpts, data,

summaries, and compilations derived from such Confidential Information, as well as any

testimony, conversations, or presentations by the parties hereto or their counsel that discloses

such Confidential Information.

8.      If a party, through inadvertence, produces any Confidential Information without

designating it in accordance with this Protective Order, the designating party may give written

1   notice within twenty-eight (28) days after production to the receiving party[ies] that the

2   information produced is deemed "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL

3   ONLY" and should be treated in accordance with that designation under this Protective Order.

4   Upon receipt of such notice, the receiving party must treat the Confidential Information as

5   designated hereunder.  If the receiving party has already in good faith disclosed the information

6   before receiving timely notice, the receiving party shall have no liability for such good faith

7   disclosure, but shall notify the designating party in writing of each such disclosure.  Counsel for

8   the parties shall agree on a mutually acceptable manner of labeling or marking the inadvertently

9   produced materials as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY."  If

10  the designating party fails to give timely notice to the receiving party[ies] of an inadvertent

11  disclosure, the information disclosed will not be subject to this protective order unless otherwise

12  stipulated in writing, or the Court so orders.

13

14                    **ACCESS AND USE OF PROTECTED MATERIAL**

15          9.      All Confidential Information designated as "CONFIDENTIAL" or

16  "CONFIDENTIAL - FOR COUNSEL ONLY" shall not be disclosed by the receiving party to

17  anyone other than those persons designated herein and shall be used solely in connection with this

18  litigation, and not for any other purpose, including any business or competitive purpose or

19  function.

20          10.     Information designated "CONFIDENTIAL - FOR COUNSEL ONLY" shall be

21  viewed only by (a) Outside Counsel; (b) in-house counsel; (c) outside experts or consultants

22  retained for purposes of this litigation, in accordance with the provisions of paragraph 12; (d)

23  court reporters and videographers in connection with transcribing or recording a deposition or

24  hearing; (e) the Court and its personnel; and (f) the jury.

25          11.     Information designated as "CONFIDENTIAL" may be disclosed to the parties (or

26  employees thereof), provided each such party or employee of a party has received and had an

27  opportunity to read a copy of this Protective Order in advance of disclosure and has agreed in

28  writing, by executing an Acknowledgment in the form attached hereto as Exhibit "A," to be

1   bound by its terms.

2          12.     The right of any expert or consultant to receive any information designated

3   "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" shall be conditioned on

4   the expert's prior execution of an Acknowledgment in the form attached hereto as Exhibit "A."

5   Notwithstanding the foregoing, any expert or consultant who works for a competitor of the

6   producing party may not receive Confidential Information of that party.

7          13.     Nothing herein shall prohibit a party, or its counsel, from disclosing a document

8   designated "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" to any person

9   indicated on the face of the document to be its originator, author or recipient.

10          14.     Each person receiving Confidential Information designated hereunder shall

11   maintain it in a manner which ensures that access is limited to persons entitled to receive it under

12   this Protective Order.  If such Confidential Information is disclosed to any person other than a

13   person authorized by this Protective Order, the party responsible for the unauthorized disclosure

14   must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention

15   of the other parties and, without prejudice to any rights and remedies of the other parties, make

16   every effort to prevent further disclosure by the party and by the person(s) receiving the

17   unauthorized disclosure.

18

19                          **CHALLENGING DESIGNATION**

20          15.     At any stage of these proceedings, any party may object to a designation of

21   information as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY."  The party

22   objecting to confidentiality shall notify counsel for the designating party in writing of the

23   objected-to materials and the grounds for the objection.  The parties shall first make a good faith

24   effort to resolve the objection informally.  If the dispute is not resolved within seven (7) days of

25   receipt of such a notice of objections, the objecting party may file a motion with the Court.  For

26   the purposes of such a motion, the designating party shall bear the burden of establishing that the

27   designated material at issue does in fact constitute trade secret, proprietary, or sensitive

28   information as described in paragraph 1 above.  Until the Court rules on the motion (or the matter

1020506.1                          4                    12-CV-01136
                                                        STIPULATION REGARDING
                                                        PROTECTIVE ORDER

is resolved between the parties), the materials at issue shall be treated as Confidential Information as designated by the designating party.

#### FILING UNDER SEAL

16.     Any party seeking to file with the Court any documents or other evidentiary material designated as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" may meet and confer with the designating party on the necessity of filing such material under seal.  If the designating party has not been consulted or, after meeting and conferring, the designating party still believes filing under seal is necessary, the filing party must seek permission of the Court to file such designated documents or other material under seal in accordance with Local Rule 79-5.  A motion to file under seal shall be served on all parties, and the documents or other materials in question shall be lodged with the Court conditionally under seal.

#### ADDITIONAL PROVISIONS

17.     Nothing herein shall prejudice the right of any party to object to the production of any discovery material on the ground permitted by the Federal Rules of Civil Procedure, including that the material is protected as attorney-client privileged or attorney work product.

18.     Nothing herein shall be construed to prevent disclosure of Confidential Information designated hereunder if such disclosure is required by law or by order of the Court. In the event that such disclosure is required, the party or other person who is obligated to disclose shall promptly upon receipt of the order or other process requiring the disclosure notify the party who designated the Confidential Information

19.     Upon final termination of this action, including any and all appeals, counsel for each party shall, upon request of the producing party, return all Confidential Information to the party that produced the information, including any copies, excerpts, and summaries thereof, or shall destroy same at the option of the receiving party, and shall purge all such information from all machine-readable media on which it resides.  Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the

Court that refer to or incorporate Confidential Information, and will continue to be bound by this Protective Order with respect to all such retained information.  Further, attorney work product materials that contain Confidential Information need not be destroyed or returned, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Protective Order with respect to all such retained information.

20.    The restrictions and obligations set forth herein shall not apply to any information that: (a) the parties agree should not be designated Confidential Information; (b) is already public knowledge; (c) has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Protective Order; or (d) has come or shall come into the receiving party's knowledge lawfully and independently of the production by the designating party.

21.    All provisions of this Protective Order shall survive the conclusion of this action, and shall continue to be binding after the conclusion of this action unless subsequently modified by agreement of the parties or further order of this Court.  For the purposes of enforcing this Protective Order and resolving any disputes thereunder, the Court retains jurisdiction over the parties and all persons provided access to Confidential Information under the terms of this Protective Order.

22.    All persons bound by this Protective Order are hereby notified that if this Protective Order is violated in any manner, all persons and entities who commit such violations are subject to any and all monetary and other sanctions as the Court, after a hearing, deems to be just.

23.    The Court may modify the terms and conditions of this Protective Order at any time in these proceedings upon motion of any party(ies).  Additionally, this Protective Order may be modified by agreement of the parties, subject to approval by the Court.

24.    The terms and provisions of this Protective Order, and designation of any Confidential Information hereunder, shall also apply to and bind any party who appears in this action subsequent to the entry of this Protective Order.

1      IT IS SO STIPULATED.

2

3   Dated:      March 26, 2012          MANATT, PHELPS & PHILLIPS, LLP

4

5                                       By:/s/ Adrianne E. Marshack
                                            Adrianne E. Marshack
6                                           Attorneys for Defendant
                                            WOODBOLT DISTRIBUTION, LLC (*erroneously*
7                                           *sued as* Woodbolt Distribution, Ltd.)

8   Dated:      March 26, 2012          WASSERMAN, COMDEN, CASSELMAN &
                                        ESENSTEN, LLP
9

10

11                                      By:/s/ Gregory B. Scarlett
                                            Gregory B. Scarlett
12                                          Attorneys for Plaintiffs
                                            PAMELA GLOVER and CHARLES ELLIS,
13                                          individually, and on behalf of all others similarly
                                            situated

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PAMELA GLOVER and CHARLES ELLIS, individually, and on behalf of herself and all others similarly situated,<br><br>        Plaintiffs,<br><br>   vs.<br><br>WOODBOLT DISTRIBUTION, LTD., a Texas limited liability company; and DOES 1-50, inclusive,<br><br>        Defendants. | No.  12-cv-01136-LB<br><br>Hon. Laurel Beeler<br><br>**AGREEMENT TO BE BOUND BY TERMS OF STIPULATED PROTECTIVE ORDER** |

1      I, _____, declare and say that:

2      1.    I am employed as _____ by

3 _____.

4      2.    I have read and understood the Protective Order entered in the above-entitled

5 cases, and have received a copy of the Protective Order.

6      3.    I promise that I will use any and all "Confidential" or "Confidential - For Counsel

7 Only" information, as defined in the Protective Order, given to me only in a manner authorized

8 by the Protective Order, and only to assist Outside Counsel in the litigation of this matter.

9      4.    I promise that I will not disclose or discuss such "Confidential" or "Confidential -

10 For Counsel Only" information with anyone other than the persons with whom I am permitted to

11 discuss such information, as designated, under the terms of the Protective Order.

12      5.    I acknowledge that, by signing this agreement, I am subjecting myself to the

13 jurisdiction of the United States District Court for the Northern District of California, and all

14 courts in which appeals may be filed in these actions, with respect to enforcement of the

15 Protective Order.

16      6.    I understand that any disclosure or use of "Confidential" or "Confidential - For

17 Counsel Only" information in any manner contrary to the provisions of the Protective Order may

18 subject me to sanctions for contempt of court.

19      I declare under penalty of perjury under the laws of the United States of America

20 that the foregoing is true and correct.

21

22 Dated: _____      _____

23

24

25

26

27

28

1   WASSERMAN, COMDEN, CASSELMAN
         & ESENSTEN, LLP
2   MELISSA MEEKER HARNETT (Bar No. 164309)
         E-mail: mharnett@wccelaw.com
3   GREGORY B. SCARLETT (Bar No. 131486)
         E-mail: gscarlett@wccelaw.com
4   JESSE B. LEVIN (Bar No. 268047)
         E-mail: jlevin@wccelaw.com
5   Post Office Box 7033
    Tarzana, CA 91357-7033
6   Telephone: (818) 705-6800 or (323) 872-0995
    Facsimile: (818) 345-0162
7   Attorneys for Plaintiffs
    PAMELA GLOVER and CHARLES ELLIS, individually,
8   and on behalf of all others similarly situated

9   MANATT, PHELPS & PHILLIPS, LLP
    ROBERT H. PLATT (Bar No. 108533)
10       E-mail: rplatt@manatt.com
    BRUCE B. KELSON (Bar No. 202441)
11       E-mail: bkelson@manatt.com
    ADRIANNE E. MARSHACK (Bar No. 253682)
12       E-mail: amarshack@manatt.com
    11355 West Olympic Boulevard
13  Los Angeles, CA  90064-1614
    Telephone:  (310) 312-4000
14  Facsimile:  (310) 312-4224

15  Attorneys for Defendant
    WOODBOLT DISTRIBUTION, LLC (*erroneously sued as*
16  Woodbolt Distribution, Ltd.)

17

18                    UNITED STATES DISTRICT COURT

19                  NORTHERN DISTRICT OF CALIFORNIA

20                      SAN FRANCISCO DIVISION

21  PAMELA GLOVER and CHARLES ELLIS,          No.  12-cv-01136-LB
    individually, and on behalf of herself and all
22  others similarly situated,                 Honorable Laurel Beeler

23                 Plaintiffs,                 **[PROPOSED] ORDER APPROVING
                                               STIPULATION REGARDING
24         vs.                                 PROTECTIVE ORDER**

25  WOODBOLT DISTRIBUTION, LTD., a
    Texas limited liability company; and DOES 1-
26  50, inclusive,

27                 Defendants.

28

1    Having read and considered the Stipulation Regarding Protective Order submitted by

2    Plaintiffs PAMELA GLOVER and CHARLES ELLIS, individually, and on behalf of all others

3    similarly situated, and Defendant WOODBOLT DISTRIBUTION, LLC (erroneously sued as

4    Woodbolt Distribution, Ltd.), and good cause appearing therefor, the Court hereby approves the

5    parties' Stipulation and enters a Protective Order pursuant thereto.

Dated: __March 27__, 2012    _____

MAGISTRATE JUDGE LAUREL BEELER

1020506.1

12-CV-01136
[PROPOSED] ORDER APPROVING
STIPULATION REGARDING PROTECTIVE